UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JOHN DUNLAP, | CIVIL ACTION |
| Plaintiff | |
| VERSUS | NO. 17-11486 |
| VINCENT DAGOSTINO, ET AL. | SECTION: "E" |
| Defendants | |

## ORDER

Before the Court is a Motion to Review Sanctions Order[1] filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). The Court heard oral argument on the motion on May 15, 2019.[2] For the following reasons, the motion is **DENIED**.

## BACKGROUND

This case arises out of a motor vehicle accident. In accordance with the Court's order,[3] the parties scheduled a settlement conference with Magistrate Judge North to be held on January 9, 2019.[4] After over an hour of negotiations, no resolution of Plaintiff's claims could be achieved.[5] Magistrate Judge North ordered the settlement conference be reconvened on February 11, 2019.[6] The order reconvening the settlement conference states, "[i]t is ordered that a representative of State Farm Mutual Automobile Insurance Company with full authority to settle up to the current demand shall be present at the settlement conference."[7]

---

[1] R. Doc. 65.
[2] R. Doc. 76.
[3] R. Doc. 19 at 6.
[4] R. Doc. 24 (Order Scheduling Settlement Conference); R. Doc. 28 (Settlement Conference Minute Entry).
[5] R. Doc. 28.
[6] R. Doc. 31.
[7] *Id.*

1

On February 11, 2019, Judge North reconvened the settlement conference. The minute entry reflects, "[d]espite the Court's order that a representative of State Farm with full settlement authority up to the Plaintiff's most recent demand appear for the reconvened conference, no such representative attended, a matter that will be addressed by the Court at later date."[8] Instead, State Farm sent Michelle Cohen, who represented to Magistrate Judge North she did not have full and actual authority to respond to the settlement demand.[9] Magistrate Judge North ordered State Farm to show cause why it should not be sanctioned under Rule 16(f) for failing to have a representative with ultimate settlement authority at the settlement conference.[10]

Magistrate Judge North held a show-cause hearing on March 20, 2019[11] and issued an opinion on April 5, 2019.[12] Magistrate Judge North sanctioned State Farm under Rule 16(f) for failing to attend the settlement conference in good faith and for violating the Court's order requiring personal attendance by the ultimate state farm decisionmaker.[13] Magistrate Judge North ordered State Farm to pay Plaintiff and his counsel $4,122.90 in attorneys' fees occasioned by its conduct and to pay the Clerk of Court $4,824.99 for the unnecessary expenditure of three hours of the Court's time in addressing State Farm's misconduct.[14] Magistrate Judge North also ordered he will require personal attendance, rather than telephone attendance, by a State Farm ultimate decisionmaker at future settlement conferences before him.[15]

---

[8] R. Doc. 35.
[9] R. Doc. 44 at 5:12-22.
[10] R. Doc. 43 (Minute Entry); R. Doc. 44 (Transcript of February 27, 2019 hearing).
[11] R. Doc. 56 (Transcript of March 20, 2019 hearing)
[12] R. Doc. 58.
[13] *Id.*
[14] *Id.* at 13-14.
[15] *Id.* at 14.

State Farm now seeks review of Judge North's sanctions order ordering personal attendance, rather than telephone attendance, by a State Farm ultimate decisionmaker at future settlement conference held by him.[16] The parties have reached a settlement of all other issues in this matter, including the payment of attorneys' fees to Plaintiff's counsel and costs to the Clerk of Court.[17]

## **LAW AND ANALYSIS**

A magistrate judge is afforded broad discretion in resolving non-dispositive motions.[18] The District Court reviews a Magistrate Judge's determination on a non-dispositive pretrial motion under the "clearly erroneous" standard.[19] A ruling is clearly erroneous where, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[20] When a court imposes sanctions based upon an incorrect legal standard or clearly erroneous factual findings, the court abuses its discretion.[21] "An abuse of discretion is a clear error of judgment, and not simply a different result which can arguably be obtained when applying the law to the facts of the case."[22]

Section (f) of Rule 16 provides:

> (f) Sanctions.
> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
> (A) fails to appear at a scheduling or other pretrial conference;

---

[16] R. Doc. 65.
[17] R. Doc. 86.
[18] *McCallon v. BP Am. Prod. Co.*, Nos. 05–0597, C/W 05–0700, 2006 WL 3246886, at *2 (E.D. La. Nov.8, 2006).
[19] 28 U.S.C. § 636(b)(1)(A).
[20] *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).
[21] *Id.* (citing *Bowers v. Nat'l Coll. Athletic Ass'n*, 475 F.3d 524, 538 (3d Cir. 2007)).
[22] *Tracinda*, 502 F.3d at 240 (quoting *SEC v. Infinity Group Co.*, 212 F.3d 180, 195 (3d Cir. 2000)).

       (B) is substantially unprepared to participate--or does
       not participate in good faith--in the conference; or
       (C) fails to obey a scheduling or other pretrial order.[23]

In deciding whether a sanction is merited, the Court need not find that the party acted willfully, intentionally, or in bad faith.[24] Rule 16(f)(1) does not require a showing of prejudice to justify sanctions.[25]

## I. Imposition of Sanctions

State Farm argues: (1) it was prepared for the settlement conference and participated in good faith because the representative it sent, Michelle Cohen "was extensively prepared and familiar with the liability dispute and medical causation Issues"[26]; (2) it did not disobey a pre-trial order of the Court because "Ms. Cohen had authority to settle up the current demand and was present at the settlement conference as a representative of State Farm"[27]; and (3) the sanctions order is tantamount to punishing State Farm for failure to offer a certain amount.[28]

Although sanctions may not be imposed for a party's mere failure to offer "serious money" in a settlement conference, sanctions may be imposed when a party otherwise wastes a court's dispute resolution resources by, for instance, concealing its true position that it never intended to settle the case.[29] In *Guillory v. Domtar Indus., Inc.*, the Fifth Circuit held the court did not abuse its discretion in imposing sanctions on the defendant for failing to participate in a pretrial settlement conference in good faith.[30] The Fifth

---

[23] Fed. R. Civ. P. 16(f).
[24] *Wilson v. Smith & Nephew, Inc.*, No. 3-12-CV-1063-B, 2013 WL 1875949, at *3 (N.D. Tex. Apr. 10, 2013), report and recommendation adopted, No. 3:12-CV-1063-B, 2013 WL 1880770 (N.D. Tex. May 6, 2013).
[25] *Id.*
[26] R. Doc. 65-1 at 5.
[27] *Id.* at 8.
[28] *Id.* at 11.
[29] *Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1334-35 (5th Cir. 1996).
[30] 95 F.3d 1320 (5th Cir. 1996).

Circuit found "the record does not demonstrate that the district court sanctioned [defendant] for failing to make a serious offer, but rather it imposed the sanctions because [defendant] concealed its true position that it never intended to settle the case."[31] The Fifth Circuit explained:

> The district court provided detailed reasons for the imposition of sanctions in its order. The court emphasized the resources the court and parties wasted orchestrating the futile settlement conference and identified why it concluded that [defendant] approached the conference in bad faith.[32]

In this case, Magistrate Judge North provided the following facts regarding State Farm's participation in the second settlement conference and its noncompliance with Magistrate Judge North's order:

- The State Farm adjuster responsible for the claim and the person with settlement authority was [Ryan] Jay. (Rec. doc. 44 at p. 5).

- Jay chose not to attend the conference, instead sending Cohen, who was only "assigned" to the claim as a result of the Court's order. (*Id.* at pp. 6, 7).

- Both [Joseph] Messina [counsel to State Farm] and Cohen informed the Court at the settlement conference that Cohen was not the person with full and actual authority to respond to the plaintiff's then-extant demand. (*Id.* at p. 5).

- In fact, Cohen advised the Court at the second conference that "she did not feel she had the authority to act unilaterally" to take any position different from that taken by Jay remotely at the first conference. (Rec. doc. 46 at p. 6).

- Rather, Messina informed the Court that the decision not to negotiate further or increase State Farm's offer had already been made elsewhere by a person not at the conference. (Rec. doc. 44 at p. 10).

- Messina was concerned enough about Jay's decision not to attend the conference that he considered informing the Court prior to the conference that the representative the Court expected to attend would not, in fact, be present. He decided against so informing the Court. (*Id.* at p. 9).

---

[31] *Id.*
[32] *Id.* at 1334.

- The settlement conference was unsuccessful as, despite the Court urging State Farm to engage in further negotiation, both its counsel and representative declined to do so.[33]

Magistrate Judge North explained the justification for the imposition of sanctions as follows:

> [T]he subject settlement conference was not simply "arranged," as in *Guillory* – it was specifically ordered as a direct result of what the Court deemed an unrealistic approach to settlement taken by State Farm at the initial court-ordered conference. And because the Court also deemed personal attendance by the ultimate decisionmaker to be crucial to the success of the follow-up conference, the Court ordered that person to attend. This he chose not to do, in direct violation of the Court's order.[34]

The record in this case demonstrates Magistrate Judge North sanctioned State Farm for failing to attend the settlement conference in good faith—not for failure merely to offer a certain amount. Magistrate Judge North clearly ordered, prior to the second settlement conference, "that a representative of State Farm Mutual Automobile Insurance Company with full authority to settle up to the current demand shall be present at the settlement conference."[35] Instead, State Farm sent Cohen, who advised Magistrate Judge North she did not have full and actual authority to respond to the settlement demand.[36] Even if Cohen was "prepared" and "had authority to settle up to the current demand," as State Farm alleges,[37] this does not alter the fact that State Farm failed to send an ultimate decisionmaker to the second settlement conference, thereby violating Magistrate Judge North's order and failing to participate in good faith. Accordingly, the Court holds Magistrate Judge North did not abuse his discretion in imposing sanctions on State Farm.

---

[33] R. Doc. 58 at 4-5.
[34] *Id.* at 6.
[35] R. Doc. 31.
[36] R. Doc. 44 at 5:12-22.
[37] R. Doc. 65-1 at 5, 8.

## II. Overly Burdensome

State Farm further argues the sanctions order is "overly burdensome" because, according to State Farm, it requires a State Farm ultimate decision maker to attend in person any settlement conference before any judge in the Eastern District of Louisiana "in all future cases involving a State Farm entity."[38]

Magistrate Judge North clearly explained and justified his sanctions order and tailored the relief to the harm encountered. The sanctions order is not overly burdensome. The sanctions order requires only that an "ultimate State Farm decisionmaker" attend all future settlement conferences before Magistrate Judge North.[39] The sanctions order does not apply to any and all settlement conferences "that take place in the entire Eastern District" before other judges in other matters, and is therefore not "clearly disproportionate" as State Farm alleges.[40]

State Farm failed to participate in the second settlement conference in good faith. Magistrate Judge North did not abuse his discretion in imposing sanctions on State Farm.

## CONCLUSION

**IT IS ORDERED** that State Farm's Motion to Review Sanctions Order[41] is **DENIED**.

**New Orleans, Louisiana, this 23rd day of July, 2019.**

                                                      **SUSIE MORGAN**
                                  **UNITED STATES DISTRICT JUDGE**

---

[38] R. Doc. 65-1 at 18.
[39] R. Doc. 58 at 14.
[40] R. Doc. 65-1 at 18.
[41] R. Doc. 65.